UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Gonzalez,  
        Petitioner,

v.

B. Eischen,  
        Respondent.

Case No. 24-cv-3740 (LMP/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Christopher Gonzalez's Petition for a writ of habeas corpus. [Docket No. 1].

Petitioner pleaded guilty in the United States District Court for the Northern District of Illinois to having distributed "controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) . . . .' United States v. Gonzalez, No. 20-cr-651 (JJT) (2), Plea Agreement [Docket No. 87] (N.D. Ill. Apr. 20, 2022). Petitioner is now serving his sentence pursuant to that plea agreement at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth").

In the Petition for a writ of habeas corpus now before the Court, Petitioner contends that the Federal Bureau of Prisons ("BOP") has wrongfully failed to award him time credits earned under the First Step Act of 2018 ("FSA"). (See Petition [Docket No. 1]). Gonzalez's habeas Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] The present habeas Petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the Petition. See Rule 1(b).

Under the FSA, federal prisoners who participate in "evidence-based recidivism reduction programs" while in the custody of the BOP may earn up to fifteen days per month in time credits ("FTCs"). 18 U.S.C. § 3632(d). Up to one year's worth of FTCs may be applied towards shortening the prisoner's overall term of imprisonment. See 18 U.S.C. § 3624(g)(3). Any remaining FTCs may then be applied towards accelerating the date upon which the prisoner becomes eligible for placement in prerelease custody. See 18 U.S.C. § 3632(d)(4).

Not every federal prisoner, however, is eligible to receive FTCs. Section 3632(d)(4)(D) of the FSA provides a laundry list of offenses that render a prisoner ineligible to receive FTCs. Among those excluded offenses is any offense under "[s]ubparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof." 18 U.S.C. § 3632(d)(4)(D)(lxvi). Section 841(b)(1)(B)(vi), in turn, applies to offenses involving "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propenamide . . . ." This is precisely the offense to which Petitioner pleaded guilty. The FSA could not be clearer: the BOP is statutorily precluded from awarding FTCs to Petitioner.

Despite this clear statutory prohibition, Petitioner nevertheless asks that this Court direct the BOP to award him FTCs. In making his argument, Petitioner—like many federal prisoners in recent months—gestures vaguely in the direction of Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), as a basis for relief.

Loper Bright and the decision it overturned, Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), addressed the deference federal courts owe to an agency's

interpretation of an ambiguous statute. Following Loper Bright, agency interpretations of ambiguous statutes are no longer entitled to the deference that had been owed under Chevron.

But Loper Bright is irrelevant to the present Petition because the FSA is unambiguous with respect to whether a criminal defendant convicted of the offense for which Petitioner was convicted may receive FTCs.[2] Criminal defendants, like Petitioner, who are convicted of an offense under § 841(b)(1)(B)(vi) cannot earn FTCs. This is not a consequence of the BOP's interpretation of the FSA; it is a consequence of the statute itself. And Loper Bright changed nothing about the text of the FSA.

Petitioner has no good-faith basis for claiming entitlement to habeas relief. Accordingly, Gonzalez's Petition should be denied, and this case should be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Petition for a writ of habeas corpus of petitioner Christopher Gonzalez, [Docket No. 1], be **DENIED**; and
2. This case be **DISMISSED without prejudice**.

Dated: October 17, 2024
s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

---

[2] Petitioner, in an attempt to drum up ambiguity where none exists, cites 18 U.S.C. § 3632(d)(4)(D)(lxviii), which prohibits prisoners who are convicted of fentanyl-related offenses and who were also found at sentencing to have been "an organizer, leader, manager, or supervisor of others in the offense" from receiving the benefit of FTCs. The record is unclear whether Petitioner is excluded from the benefit of FTCs by § 3632(d)(4)(D)(lxviii). But that provision is irrelevant, because § 3632(d)(4)(D)(lxvi) separately and unambiguously bars Petitioner from receiving FTCs.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).